IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES<br><br>    Plaintiff-Appellee,<br><br>vs.<br><br>DANIEL LEE KEENER<br><br>    Defendant-Appellant. | **MEMORANDUM DECISION**<br><br><br><br>Case No. 2:05-CR-00045 PGC |

This administrative appeal presents two questions for the court: whether 21 U.S.C. § 844(a) is unconstitutional either facially or as applied under the Commerce Clause of the Federal Constitution and whether the magistrate judge committed clear error as to what was said and error as a matter of law in determining that Keener consented to a search of his bag. The court holds that 21 U.S.C. § 844(a) is constitutional both facially and as applied in this case, but that Keener did not consent to the search and that the evidence obtained therefrom is to be suppressed.

**FACTS**

On June 19, 2004, Agent D.W. Smith came across an unregistered van in the visitor parking lot of the federal building in Salt Lake City. The van was marked for sale, and Agent Smith called the posted phone number and eventually reached defendant Daniel Keener. Agent Smith indicated an interest in purchasing the van and asked Keener if they could meet. They met in the parking lot

and Agent Smith presented his identification and introduced himself as a law enforcement officer. Agent Smith asked permission to search Keener's vehicle and person, and Keener said "yes" to both requests. No contraband was found. Agent Smith then asked Keener if he could search a bag lying on the ground next to him. Keener initially denied owning the bag, but eventually confessed ownership. Though the magistrate judge found that Keener then responded "you do what you're going to do,"[1] both parties have now agreed that Keener said "you're going to do what you're going to do." [2] Agent Smith then searched the bag and found a small zip-lock bag of marijuana. Keener was arrested, charged, and pled guilty to simple possession of marijuana in violation of 21 U.S.C. § 844(a).

## STANDARD OF REVIEW

As this case arises on appeal from a magistrate judge's decision, this court sits as an appellate court[3] and reviews the magistrate judge's factual findings for clear error and conclusions of law de novo.[4]

## ANALYSIS

Keener raises two main points on appeal: that 21 U.S.C. § 844(a) is an unconstitutional exercise of Congress' authority to regulate commerce and that the magistrate judge committed clear error by accepting demonstrably incorrect wording to support an erroneous conclusion of law that Keener consented to the search of his bag.

---

[1] Appellant's Opening Br. at 5.

[2] Appellant's Opening Br. at 3, Gov't. Br. in Opp'n. at 5.

[3] 18 U.S.C. § 3402; Fed. R. Crim. Pro. 52(b), 58 (g)(2)(b), (d)

[4] *United States v. Kimoana*, 383 F.3d 1215, 1220 (10th Cir. 2004) (quotations ommitted).

As to the commerce clause issue, appellant's argument, though creative, does not persuade the court (in fact, this case seems very similar to a recent case involving child pornography in which this court rejected a commerce clause argument in an order denying a motion to dismiss).[5]  Under *Lopez*[6] and *Morrison*,[7] in addition to the instrumentalities and channels of commerce, Congress can regulate activities that have a "substantial effect" on commerce.[8]  Keener argues that marijuana possession is not an economic activity, that there is no substantial effect on commerce and that the statute as applied to this case is unconstitutional.  The court does not agree.  There have been numerous findings by Congress to establish drug possession as an economic activity[9] that should not be overlooked lightly, and the case at hand is very similar to *Wickard v. Filburn*,[10] involving possession of a substance for personal use that in the aggregate has a substantial impact on commerce.  And just this week, relying primarily on *Wickard*, the United States Supreme Court upheld the federal criminalization of purely intrastate cultivation and possession of marijuana for medical treatment purposes in states with valid state medical marijuana laws against a similar commerce clause challenge.[11]

---

[5] *See United States v. Croxford,* 324 F.Supp.2d 1230 (D. Utah 2004).

[6] *United States v. Lopez*, 514 U.S. 549 (1995).

[7] *United States v. Morrison*, 529 U.S. 598 (2000).

[8] *Id*. at 609.

[9] *See United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995); *United States v. Davis*, 288 F.3d 359, 361-62 (8th Cir. 2002) (looking at § 844(a) in addition to other provisions), *cert. denied*, 537 U.S. 822 (2002); *United States v. Tisor*, 96 F.3d 370, 375 (9th Cir. 1996), *cert. denied*, 519 U.S. 1140 (1997).

[10] 317 U.S. 111 (1942).

[11] *Gonzales v. Raitch*, Op. no. 03-1454 (June 6, 2005).

The Tenth Circuit has held that 21 U.S.C. § 841(a), involving possession with intent to distribute, did not exceed the commerce power.[12] It is not much of a stretch in the court's view to extend the same logic to simple possession. The possession of marijuana is inherently economic. As the Third Circuit found in relation to machine guns, we may infer here that possession "follow[ed] and unlawful transfer . . . [that has] a commercial or economic component" that Congress could have rationally concluded would, in the aggregate, substantially affect commerce.[13] Though the origin of the marijuana in this case is unclear, it is also unimportant; the regulation of both intrastate and interstate traffic of this substance is "essential to [its] effective control."[14] The court finds persuasive the reasoning of the First Circuit (relating to child pornography but analogous here) that criminalization of even intrastate possession can lower the nationwide demand.[15]

The statute as applied is also constitutional under an standard persuasively articulated by the First Circuit in another child pornography case, *United States v. Morales-De Jesus*. If the argument (as it seems to be here) is based on lack of intent to distribute, it will fail "because Congress's power to criminalize [a] conduct pursuant to the Commerce Clause turns on the economic nature of the class of conduct defined in the statute rather than the economic facts of the particular case."[16] If the argument is based on the particular facts of the case, there should be some type of age or relational

---

[12] *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995).

[13] *United States v. Rybar*, 103 F.3d 273, 283 (3rd Cir. 1996).

[14] 21 U.S.C. § 801(4) (1999).

[15] *United States v. Robinson*, 137 F.3d 652, 656 (1st Cir. 1998).

[16] *United States v. Morales-DeJesus,* 372 F.3d 6, 18 (1st Cir. 2004).

issue[17] that is not present in the facts here. Keener has pointed out a recent 10th Circuit case involving possession of child pornography[18] to show that a court is more likely to find an activity regulatable under the commerce clause if it is interstate and economic in nature. This is axiomatic and does not change the court's conclusion.

Regarding the factual finding of the magistrate judge, the parties now agree that what was actually testified to "you're going to do what you're going to do." Perhaps this point could have been expressed more clearly during the hearing but, in any event, in light of the agreement of the parties, the court must find that it was clear error to accept as fact that Keener replied to Agent Smith "you do what you're going to do." As this finding materially affected the legal determination that Keener granted consent to search his bag, this court reviews whether this phrase constitutes consent as a matter of law de novo.[19] In the Tenth Circuit, valid consent is (1) unequivocal, specific, freely and intelligently given, and (2) not obtained by coercion or duress.[20] The record shows no coercion or duress, but Keener argues that "you're going to do what you're going to do" does not constitute unequivocal consent to a search. The court finds this persuasive in light of a recent Eighth Circuit case, *United States v. Excobar*. In response to a search request, the defendant said "Go ahead, *you're going to do it anyway*. Just go ahead and search."[21] The court found this constituted an "equivocal

---

[17]*Id*.

[18]*United States v. Riccardi*, 405 F.3d 852 (10th Cir. 2005).

[19]*Supra* note 1.

[20]*United States v. Pena-Sarabia*, 297 F.3d 983, 986 (10th Cir. 2002).

[21]*United States v. Escobar*, 389 F.3d 781, 786 (8th Cir. 2004).

grant of consent."[22] This is strikingly similar to Keener's response, "you're going to do what you're going to do," which this court finds, as a matter of law, did not constitute consent, but mere acquiescence, especially considering Keener's previous unequivocal grants of consent to search his van and person.

## CONCLUSION

Keener's commerce clause argument fails, as 21 U.S.C. § 844(a) is a valid exercise of Congress' power both in general and in this case.  But because Keener did not consent to the search of his bag, the marijuana obtained therefrom is suppressed.  Keener's conviction for violation of 21 U.S.C. § 844(a) is, accordingly, REVERSED.

DATED this 8th day of June, 2005.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[22]*Id.*